IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ADRIAN PHILLIPS | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-11-3413 |
| J. MICHAEL STOUFFER | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM OPINION

Petitioner filed the Court-Ordered supplement to the above-captioned Petition for Writ of Habeas Corpus on December 28, 2011. ECF No. 4. For the reasons that follow, the petition will be dismissed without requiring a response.

Petitioner asserts that from March 8, 2006 through March 17, 2007, he was confined at Patuxent Institution as a Department of Corrections inmate and he was eligible for "double-celling credits." ECF No. 4. He states he should receive five diminution of confinement credits for each month he was confined at Patuxent Institution, totaling 60 days of credits. Petitioner states that denial of the credits will prevent his release and is therefore a violation of his constitutional rights under "protective liability." *Id.* at p. 4. He adds that the Ex Post Facto Clause governs his case.

Sentence and diminution credit calculation issues generally are issues of state law and do not give rise to a federal question. *See McCray v. Rosenblatt*, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970). Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of

justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U. S. 424, 428 (1962)). If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F. 3d 151, 157 (4th Cir. 1998). *See Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law). Accordingly, by separate order which follows, the petition will be dismissed and a Certificate of Appealability denied.[1]

January 20, 2012
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[1] A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2). To meet this burden an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U. S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U. S. 880, 893 (1983)). The petition in the instant case has not met this standard.